IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY MARGARET RANDOLPH, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No.   2:19-846 |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

**OPINION**
**and**
**ORDER OF COURT**

**SYNOPSIS**

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 10, 12]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 11, 13]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment and granting Defendant's Motion for Summary Judgment.

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disabled Widow's Benefits ("DWB") under Title II of the Social Security Act ("Act"). On or about July 27, 2015, Plaintiff applied for DWB. [ECF No. 8-7 (Ex. 1D)]. In her application, she alleged that since June 16, 2015, she has been disabled due to diverticulitis, torn colon, hole in bladder, abscess in colon, and obesity. [ECF

1

No. 8-8 (Ex. 3E)]. The prescribed period ended on March 31, 2016. [ECF No. 8-2 at 13].[1] The state agency denied her claims initially, and she requested an administrative hearing. Administrative Law Judge ("ALJ") Christian Bareford held a hearing on January 18, 2018, at which Plaintiff was not represented by counsel.[2] [ECF No. 8-3]. Plaintiff appeared at the hearing and testified on her own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 54-65. In a decision dated August 8, 2018, the ALJ found that Plaintiff could perform her past relevant work as a as a home health aide, or alternatively, that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 8-2, at 10-19]. Plaintiff requested review of the ALJ's determination by the Appeals Council, but the Appeals Council denied Plaintiff's request. Id. at 1-6. Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 10 & 12]. The issues are now ripe for my review.

## II.  LEGAL ANALYSIS

### A.  STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in

---

[1] To receive DWB, Plaintiff must establish that she became disabled prior to March 31, 2016, the date on which the prescribed period ended. 20 C.F.R. § 404.335. The prescribed period begins on the date of the wage earner's death. The period ends the earlier of: (1) the calendar month before the month the widow or widower attains age 60; or (2) the later of seven years after the worker's death, or seven years after the widow or widower was last entitled to survivor's benefits. See id.

[2] The Third Circuit Court of Appeals recognizes that due process mandates that a social security claimant be granted a full and fair hearing. See Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995). It is this right which places a burden upon the ALJ to develop a full and fair record. See id. at 902 (citing Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995) and Smith v. Harris, 644 F.2d 985, 989 (3d Cir. 1981)). This duty is heightened when the claimant is unrepresented at the hearing before the ALJ. See Livingston v. Califano, 614 F.2d 342 (3d Cir. 1980); Dobrowolsky v. Califano, 606 F.2d 403 (3d Cir. 1979); see also Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003). Although Plaintiff does not challenge the validity of her waiver of her right to representation at the hearing, her counsel on appeal asserts that the lack of representation had a significant impact on the presentation of the case below. [ECF No. 12, at 2-3].

the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (U.S. 2019). Substantial evidence has been defined as "more than a mere scintilla." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek, 139 S. Ct. at 1154. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the

claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.      WHETHER THE ALJ PROPERLY EVALUATED PLAINTIFF'S KNEE IMPAIRMENT**

The ALJ found that Plaintiff had severe impairments, including obesity, osteoarthritis, diverticulitis, a colovesicular fistula, and status/post laparoscopic sigmoidectomy and bladder repair surgery. [ECF No. 8-2, at 13]. He then found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 13-14. The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of medium work as defined in 20 C.F.R. § 404.1567(c). [ECF No. 8-2, at 14-17]. The ALJ ultimately concluded that Plaintiff was capable of performing her past relevant work as a home health aide as generally performed. Id. at 17-18. Alternatively, the ALJ concluded that, considering Plaintiff's age, education, work experience, and

RFC, there were jobs that existed in significant numbers in the national economy that she could perform. Id. at 18-19. Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act. Id. at 19.

Here, Plaintiff argues the ALJ's findings are deficient because he failed to give adequate consideration to her knee impairment. Id. at 3-10. Specifically, Plaintiff contends that the ALJ erred by failing to "probe into, inquire of, and explore all of the relevant facts" before assigning no limitations related to her knee impairment and that he improperly based his findings upon his own interpretation of the medical evidence. Id. She asserts that the only opining medical source in this matter, state agency physician James Caramanna, M.D., whose December 28, 2015 opinion the ALJ gave great weight, did not evaluate the medical records related to Plaintiff's knee impairment and that the ALJ's discussion does not properly account for Plaintiff's knee-related limitations established by that evidence. After careful consideration, I disagree.

As an initial matter, it is not dispositive that the state agency physician's opinion predates some of the medical evidence. An ALJ is entitled to rely upon the findings of an agency evaluator even if there is a lapse of time between the report and the hearing. See Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2012); Campbell v. Colvin, Civil Action No. 15-930, 2016WL 4503341, at *2 (W.D. Pa. Aug. 29, 2016). Only where evidence that, in the opinion of the ALJ, may change the state agency consultant's findings is an update required. See id. Likewise, the decision to order a consultative examination is within the sound discretion of the ALJ. See Thompson v. Halter, 45 F. App'x 146, 149 (3d Cir. 2002). The "ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." Id. Circumstances necessitating a consultative examination can arise when a claimant's medical records do not

contain needed additional evidence or when the ALJ needs to resolve a conflict, inconsistency, or ambiguity in the record. See 20 C.F.R. § 404.1519a. Here, Dr. Caramanna had Plaintiff's medical records up through December 21, 2015. [ECF No. 8-4 (Ex. 1A)]. As set forth more fully below, the ALJ expressly considered all of the medical evidence of record that post-dated Dr. Caramanna's review, including the evidence related to Plaintiff's knee impairment, and did not find that the evidence was inconsistent with the capacity to perform medium work.

After careful review of all of the evidence, I find that the ALJ here fully developed the record sufficiently to make a determination regarding Plaintiff's disability claim. In addition to the hearing testimony and record evidence obtained prior to the hearing, the ALJ left the record open after the hearing to obtain additional medical records and allowed Plaintiff to review the medical evidence and indicate whether she objected to any of the records. [ECF No. 8-3, at 42, 68-69]. Moreover, as is evident from his Opinion, this is not a case where the ALJ failed to take Plaintiff's knee impairment into account. To the contrary, the ALJ found Plaintiff's osteoarthritis to be a severe impairment and specifically considered her bilateral knee arthritis under Listing 1.02 (major dysfunction of a joint). See ECF No. 8-2, at 13-14 (citing Exs. 4E/4, 6F/19, 18F/7-8). The ALJ concluded that Plaintiff did not meet Listing 1.02 because, based on the record evidence, she was able to ambulate effectively within the meaning of the Act. See id.

The ALJ likewise thoroughly considered and addressed the evidence concerning Plaintiff's knee during his RFC analysis. In this regard, the ALJ directly acknowledged Plaintiff's subjective complaints, including her representation that "her condition deteriorated in December 2015," that she can no longer lift anything, and that standing or sitting for an extended period is "impossible" due to the pain. Id. at 15 (citing Ex. 5E and Testimony). Although the ALJ credited some of Plaintiff's allegations, he cited substantial record evidence supporting his finding that Plaintiff's

complaints were not entirely consistent with the record and that she retained the residual functional capacity to perform medium work between the onset date in June 2015 and the end of the prescribed period in March 2016. The evidence the ALJ considered included, inter alia, the medical records, test results, and course of treatment relevant to Plaintiff's knee impairment as well as Plaintiff's activities of daily living and hearing testimony. Id. at 15-17 (citing Exs. 4E, 2F, 6F, 7F, 16F, 18F, and Testimony). Although Dr. Caramanna's report did not directly address Plaintiff's knee concerns, the ALJ gave it great weight because it was consistent with the above record evidence that supported an ability to return to medium work. Id. at 17 (citing Ex. 1A). Again, the ALJ did not discount Plaintiff's complaints in their entirety. Rather, he incorporated appropriate restrictions related to the combination of Plaintiff's impairments, including her knee impairment, into his RFC finding.[3]

Ultimately, the responsibility for determining a claimant's RFC rests with the ALJ. 20 C.F.R. §§ 404.1527(d); 404.1546; Chandler, 667 F.3d at 362 ("The ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations."). Furthermore, the ALJ is charged with formulating the RFC based on **all** of the relevant evidence including all medical evidence or otherwise. 20 C.F.R. § 404.1545(a); see also Titterington v. Barnhart, 174 F. App'x 6, 11 (3d Cir. 2006). In this case, as set forth above, there was substantial evidence of record to support the ALJ's finding that Plaintiff could perform medium

---

[3] Assignment to a full range of medium work does not mean that the ALJ failed to impose any restrictions. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects up to 25 pounds. 20 C.F.R. § 404.1567(c). Although the ALJ found that Plaintiff could return to her past relevant work as a home aide, he concomitantly found that she could no longer do that work as she had previously performed it, i.e., at a heavy to very heavy exertional level. Rather, she was restricted to doing the work as it is generally performed, i.e., at the medium exertional level. [ECF No. 8-2, at 17-18 & VE Testimony]. Even if Plaintiff could not meet the demands of medium work, the two alternative jobs that the VE testified a hypothetical individual with Plaintiff's limitations could perform fall in the light work category. Id. at 18-19. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects up to 10 pounds. 20 C.F.R. § 404.1567(b).

work, including her past relevant work as that job was generally performed. Additionally, the ALJ properly considered Plaintiff's testimony, her course of treatment, and her activities of daily living in reaching his RFC finding. Based on the above, I am able to make a meaningful review. The ALJ's RFC appropriately accounted for the limitations established by the evidence of record and was supported by substantial evidence. Accordingly, I find that the ALJ did not err in formulating Plaintiff's RFC with regard to her knee limitations or otherwise.

### III. CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY MARGARET RANDOLPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.   2:19-846 |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

AMBROSE, Senior District Judge

**ORDER OF COURT**

AND NOW, this 1st day of July, 2020, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment [ECF No. 10] is DENIED and Defendant's Motion for Summary Judgment [ECF No. 12] is GRANTED.

BY THE COURT:

<u>/s/ Donetta W. Ambrose</u>
Donetta W. Ambrose
U.S. Senior District Judge